# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MARY BASICH, )
 )
 Plaintiff, )
 )
vs. )
 ) No. 12-9013-MC-W-FJG
 )
PATENAUDE & FELIX, APC, et al., )
 )
 Defendants. )

## ORDER

Currently pending before the Court is plaintiff's Motion to Compel Compliance with Subpoena (Doc. # 1).

Plaintiff filed suit against the defendants in the Northern District of California alleging violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act and the California Fair Debt Collection Practices Act for actions by defendants in attempting to collect on a credit card debt and to execute on a judgment related to the account. In connection with this case, plaintiff seeks to take the deposition of Ger Xiong. An Amended Notice of Deposition was sent to counsel for defendants on June 20, 2012, scheduling the deposition for June 29, 2012. However, the witness was not located and served with the Subpoena until June 27, 2012 at 7:15 p.m. in the evening. Plaintiff's counsel in the Motion to Compel states that despite being served with the subpoena, the witness failed to appear and testify on June 29, 2012. Plaintiff's counsel states that he notified defendants' counsel of the successful service. It also appears that discussions occurred between counsel regarding the witnesses' availability, but no

resolution was reached.  Plaintiff's counsel requests that the Court hold defendants' counsel in contempt of court for improperly instructing a witness to disregard a subpoena and improperly soliciting a witness.  Additionally, plaintiff requests that defendants' counsel be sanctioned for failing to cooperate in discovery and for the costs and attorney fees associated with the deposition and that the witness be ordered to appear and testify as permitted by her medical condition.

Defendants' counsel responds that she informed plaintiff's counsel that she was unavailable on the date the deposition was originally scheduled for.  Additionally, defendants' counsel expressed to plaintiff's counsel her opinion that the witnesses' testimony was not relevant and was cumulative.

Fed.R.Civ.P. 45(c)(3) states in part:

> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
> (I)  fails to allow a reasonable time to comply;
> . . .
> (iv) subjects a person to undue burden.

In Fox v. Traverse City Area Public Schools Board of Education, No. 1:07-CV-956, 2009 WL 724001, (W.D.Mich. Mar. 10, 2009), the Court stated, "[t]wo business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena."  Similarly, in Paul v. Stewart Enterprises, Inc., No. Civ.A 99-3441, 2000 WL 1171120, (E.D.La. Aug. 16, 2000), the Court stated, "[o]ne business day's notice is clearly unreasonable in light of the requirement in Fed.R.Civ.P. 45(c)(2)(B) that a subpoenaed person be permitted 14 days to object.  In Blair v. City of Omaha, No. 8:07CV295, 2009 WL 3631070, (D.Neb. Oct. 26, 2009), the Court quashed a subpoena because it did not provide the witness with a reasonable time to comply, as it was served only two days before the deposition date.  In the instant case, serving the

deposition late in the evening of June 27, 2012, and expecting the witness to appear at 10:00 a.m. on June 29, 2012, was clearly unreasonable. Additionally, based on the declarations of defendant's counsel and also of the witness, Ger Xiong, it appears that this witnesses' testimony would simply be cumulative to the testimony of others who have already been deposed.

    Accordingly, for the reasons stated above, the Court hereby **DENIES** the Motion to Compel Ger Xiong's Compliance With Subpoena (Doc. # 1).

Date: July 13, 2012           **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
                                          Chief United States District Judge